

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. M. Coker, Vice Chairman
Penitentiary Committee
House of Representatives

Dear Sir:

Opinion No. O-5092
Re: Whether the Legislature
may suspend, for the dur-
ation of the war, the
statute forbidding use
of prison labor on any
but State owned or leased
farms.

We are in receipt of your letter of February 9th en-
closing copy of a bill amending Section 2 of Chapter 212, Acts
Regular Session of the 40th Legislature so as to permit prison
labor to be employed on farms other than those owned or leased
by the State "during war or a national emergency." You ask us
to "revise this bill, if necessary, in order that it might not
repeal any law or be in conflict with any law after the dura-
tion of the emergency provided for in the bill."

We have accordingly prepared a substitute bill, which
instead of amending the existing law, merely suspends the in-
hibition of the present law against the use of prison labor on
any but State owned or leased farms for the duration of the
present war and for such number of additional months as you may
care to designate. We attach our draft of such substitute bill
hereto, and point out that the number of months should be filled
in before the bill is introduced. It was our thought that ref-
erence in the bill to "an emergency" might lead to ambiguity.

You also inquire whether the Legislature has the power
to suspend a law. Unquestionably, the Legislature, and the
Legislature only, does have such power, so long as the suspen-
sion of such statute does not contravene any provision of the
State or Federal Constitutions.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. W. Coker, page 2

Section 28 of Article I of the Constitution of Texas provides:

"No power of suspending laws in this State shall be exercised except by the Legislature."

Judge Hawkins, speaking of this constitutional provision for the Texas Supreme Court in Spence v. Fenohler, 107 Tex. 443, 180 S. W. 597, said:

"It may be conceded, though we do not herein hold, that there is in our Constitution no limitation upon the power of the Legislature to restrict the operation of a statute, conditionally, by an arbitrary standard which is not obnoxious to the Constitution itself......"

The restriction, under existing law, against the employment of prison labor on privately owned and operated farms is one imposed by statute only, and not by Constitutional provision; consequently the Legislature is empowered to repeal such restriction entirely, or it may, in the manner provided in the attached bill, suspend such restriction for a limited time only.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch

Walter R. Koch
Assistant

WRK:flo
encl.

APPROVED FEB 1 1947

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN